## Commonwealth v. Walosin

*Charles M. Kschinka,* for Commonwealth.
*Richard A. Brown,* for defendant.

GARDNER, P. J., January 14, 1976.—The instant matter is an appeal from a summary conviction of defendant, Charles Walosin, for criminal trespass under the provisions of the Crimes Code of

December 6, 1972. P. L. 1068 (No. 334), sec. 3503, 18 Pa. C. S. 3503(b)(1), which provides, in its relevant provisions, as follows:

"A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by: (i) actual communication to the actor . . ."

At a hearing de novo before this court on November 5, 1975, the district attorney and counsel for defendant stipulated that defendant entered upon lands owned by White Ash Land Association which had been posted against trespass and as to which defendant had been notified to refrain from trespass. The land allegedly trespassed upon was an old roadway leading from the public highway to the land of defendant, who claimed a privilege to enter thereon by virtue of a reservation in a deed from William A. Monahan to White Ash Land Association dated June 16, 1955, which reservation defendant claims to have acquired by virtue of divers deeds received in evidence, culminating in a deed from Edwin M. Booth, Jr., et ux., to defendant and Elaine Walosin, his wife, dated November 12, 1974, and recorded in Sullivan County Deed Book 86, at page 612.

It is a defense to a prosecution under section 3503(c)(3) of the Crimes Code, supra, that "the actor reasonably believed that the owner of the premises, or other person empowered to license access thereto, would have licensed him to enter or remain."

Defendant asserts his innocence of the charge on the ground that he "reasonably believed" that he was empowered to enter the lands of White Ash

Land Association by virtue of the said Monahan deed reservation and the subsequent conveyances.

The Crimes Code defines "reasonably believes" or "reasonable belief " as "[a] belief which the actor is not reckless or negligent in holding.": Crimes Code of 1972, supra, section 103.

Section 103 of the Crimes Code, supra, also provides that the words "negligence" and "negligently," "recklessness," or "recklessly" have the same meaning as the culpability requirements of section 302 of the code, supra.

Section 302(b)(3) provides that "[a] person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation."

We do not believe that the asserted belief of Charles Walosin with reference to his right to enter the lands of the White Ash Land Association was a gross deviation from a reasonable person's standard, and, hence, his belief with regard to both the wording of the Monahan reservation and its conveyance to him, the defendant, was not reckless.

The Crimes Code, supra, also provides in section 302(b)(4) that "[a] person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be

of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation."

As with the concept of recklessness, we do not believe that Charles Walosin's belief with reference to the reservation or effect of intervening conveyances was a "gross deviation from a reasonable person's standard with regard to negligence," and, hence, his asserted belief was not negligent.

The district attorney correctly argues that the reservation made by Monahan in the aforesaid conveyance to White Ash Land Association was not for the benefit of other lands of Monahan, and is further correct in stating that Charles Walosin did not acquire any easement imposed by Monahan on the lands of White Ash Land Association. Further, the court agrees with the district attorney that the reservation made by Monahan, as aforesaid, was for mining purposes only. However, as defense counsel correctly argues, defendant's vulnerability in a civil action in trespass is not a substitute for criminal liability.

In short, this court has reasonable doubt of defendant's guilt, and, as a consequence, makes the following

## ORDER

And now, January 14, 1976, the verdict in the above-captioned matter is not guilty.

Costs are placed on Sullivan County.